IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

                                                                          Case No. 4:92cr4013-WS\
**vs.**                                                             Case No. 4:06cv61-WS/WCS

**NORRIS MOTHERSILL,**

      **Defendant.**

_____/


### REPORT AND RECOMMENDATION TO DENY MOTION TO PRESERVE

This cause is before the court on Defendant Mothersill's motion to preserve the right recognized in United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), or alternatively a motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255 ¶ 6(3).  Doc. 1698.  Defendant also cites Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005).  The Court in Dodd addressed the language of 28 U.S.C. § 2255 ¶ 6(3), commencing the one year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255, ¶ 6(3).  545 U.S. at __, 125 S.Ct. at 2481 (quoting the statute).

Defendant asserts that he has one year from the pronouncement of a new rule in Booker in which to assert his claim under Dodd. *Id.*, p. 2. His unsigned motion (received by the clerk on February 2, 2006) was purportedly mailed on January 9, 2006, less than a year after the Booker decision of January 12, 2005. For relief, Defendant asks the court to preserve his right to this new rule, or allow him to assert the right by filing a § 2255 ¶ 6(3) motion. *Id.*

Regardless of timeliness under § 2255 ¶ 6(3), Defendant cannot "preserve" his request or file a § 2255 motion in this court at this time.

Defendant filed a first § 2255 motion which was dismissed with prejudice as untimely. Docs. 1236 and 1240 (report and recommendation as adopted by the court). Defendant took an appeal, and a certificate of appealability was denied by this court and the Eleventh Circuit. Docs. 1267 and 1297.

When Defendant filed his second § 2255 motion, the court found it was not a second or successive motion requiring authorization for filing as the prior disposition was not on the merits. Docs. 1307 (order determining the motion did not require authorization), and 1317, p. 1 (adopting doc. 1307 by reference).[1] The second § 2255

---

[1] In hindsight this may have been error, but it was arguably to Defendant's benefit as the motion would otherwise have been subject to summary dismissal (without any consideration of the merits) as an unauthorized second or successive motion. *See*, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003), *cert. denied,* 542 U.S. 928 (2004) (collecting cases, concluding: "unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). In this case the dismissal was expressly with prejudice, and Defendant took an appeal. *Compare*

motion was denied with prejudice. Docs. 1317 and 1321 (report and recommendation as adopted by the court). Defendant did not appeal.

Defendant later sought unsuccessfully to obtain authorization for filing a second or successive § 2255 motion from the Eleventh Circuit. Doc. 1523 (rejecting application because, *inter alia*, the Supreme Court had not made retroactive the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

Given the prior proceedings, timeliness is not the primary obstacle for this Defendant. He must obtain authorization from the Eleventh Circuit before even filing a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (amended effective December 1, 2004) ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Absent authorization, this court lacks jurisdiction to consider a second or successive motion. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005), *citing* Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

Finally, it is noted that the Supreme Court recently granted certiorari as to the retroactive application of Blakely[2] and Booker. Burton v. Waddington, 142 Fed. Appx.

---

Pavlovsky v. VanNatta, 431 F.3d 1063, 1064-65 (7th Cir. 2005) (noting general rule that dismissal as untimely is generally on the merits and bars relitigation, but where previous petition was dismissed *expressly* without prejudice as untimely, the petitioner "may have been lulled into thinking he didn't have to appeal" the dismissal). Whether or not the second § 2255 motion should have been dismissed summarily or on the merits, the current motion would be in the same procedural posture.

[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).

Case Nos. 4:92cr4013-WS and 4:06cv61-WS/WCS

297 (9th Cir. 2005) (not published in the Federal Reporter), *cert. granted*, __ U.S. __, 126 S.Ct. 2352 (Mem) (June 5, 2006).  If and when a new rule of constitutional law, previously unavailable, is "made retroactive to cases on collateral review by the Supreme Court," leave for filing a second or successive motion is expressly authorized, but such leave must still be obtained from the court of appeals.  § 2255 (incorporating § 2244).  If authorization for filing in this court is ever granted, Defendant's claim will most likely be time barred.  Dodd, 545 U.S. at __, 125 S.Ct. at 2483 ("because of the interplay between ¶¶ 8(2) and 6(3) [of § 2255], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.").

It is therefore respectfully **RECOMMENDED** that Defendant Mothersill's motion to preserve or alternatively motion to vacate (doc. 1698) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 12, 2006.


                                  S/     William C. Sherrill, Jr.
                                **WILLIAM C. SHERRILL, JR.**
                                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.